UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GORDON CASEY and DUANE SKINNER,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

 -v-            5:12-CV-820 (LEAD)

CITIBANK, N.A.; CITIMORTGAGE, INC.;
MIDFIRST BANK, N.A., doing business as
Midland Mortgage; and FIRSTINSURE, INC.,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CELESTE COONAN, individually and on
behalf of all others similarly situated,

      Plaintiff,

 -v-            1:13-CV-353 (MEMBER)

CITIBANK, N.A.; CITIMORTGAGE, INC.;
ASSURANT, INC.; AMERICAN SECURITY
INSURANCE COMPANY; and STANDARD
GUARANTY INSURANCE COMPANY,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:         OF COUNSEL:

NICHOLS KASTER, PLLP      E. MICHELLE DRAKE, ESQ.
Attorneys for Plaintiffs Casey, Skinner,  JOSEPH C. HASHMALL, ESQ.
 and Coonan          KAI H. RICHTER, ESQ.
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
One Embarcadero Center, Suite 720  MATTHEW C. HELLAND, ESQ.
San Francisco, CA  94111

| | |
|---|---|
| BERGER & MONTAGUE, P.C.<br>Attorneys for Plaintiffs Casey, Skinner,<br>    and Coonan<br>1622 Locust Street<br>Philadelphia, PA  19103 | PATRICK F. MADDEN, ESQ.<br>SARAH R. SCHALMAN–BERGEN, ESQ.<br>SHANON J. CARSON, ESQ. |
| TAUS, CEBULASH & LANDAU, LLP<br>Attorneys for Plaintiffs Casey, Skinner,<br>    and Coonan<br>80 Maiden Lane, Suite 1204<br>New York, NY  10038 | BRETT H. CEBULASH, ESQ.<br>KEVIN LANDAU, ESQ. |
| GILMAN LAW, LLP<br>Attorneys for Plaintiff Coonan<br>Beachway Professional Center Tower<br>3301 Bonita Beach Road, Suite 307<br>Bonita Springs, FL  34134 | KENNETH G. GILMAN, ESQ. |
| BALLARD SPAHR, LLP<br>Attorneys for Defendants Citibank, N.A.<br>    and CitiMortgage, Inc.<br>999 Peachtree Street, Suite 1000<br>Atlanta, GA  30309 | CHRISTOPHER J. WILLIS, ESQ.<br>SARAH T. REISE, ESQ.<br>STEFANIE H. JACKMAN, ESQ. |
| MENTER, RUDIN & TRIVELPIECE, P.C.<br>Attorneys for Defendants Citibank, N.A.;<br>    and CitiMortgage, Inc.<br>308 Maltbie Street, Suite 200<br>Syracuse, NY  13204 | MITCHELL J. KATZ, ESQ.<br>TERESA M. BENNETT, ESQ. |
| CARLTON FIELDS JORDEN BURT, P.A.<br>Attorneys for Defendants Assurant, Inc.,<br>    American Security Insurance Company,<br>    and Standard Guaranty Insurance Company<br>Jefferson Square, Suite 400 East<br>1025 Thomas Jefferson Street, N.W.<br>Washington, DC  20007 | FRANK G. BURT, ESQ.<br>BRIAN P. PERRYMAN, ESQ.<br>W. GLENN MERTEN, ESQ. |

DAVID N. HURD
United States District Judge

**O R D E R**

On August 1, 2014, a final approval hearing was conducted in Utica, New York. Counsel for the settling parties and several objectors appeared and were heard regarding the motion for final approval of the class action settlement, which is unopposed by defendants Citibank, N.A.; CitiMortgage, Inc.; and Citigroup, Inc. ("the Citi defendants"); and Assurant, Inc.; American Security Insurance Company; and Standard Guaranty Insurance Company ("Assurant"). Decision was reserved.

The Court has reviewed and considered the parties' submissions in support of the motion for final approval, the proposed Settlement Agreement that was preliminarily approved on April 2, 2014, the submissions filed on behalf of thirteen (13) objecting class members, the arguments of counsel, the response of the Settlement Classes to the Settlement Notice, and all files, records, and proceedings in the above-captioned actions ("the Actions"). Finding good cause to grant the motion for final approval, and otherwise being fully informed as to the facts and the law, it is

ORDERED that

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the parties and filed with the Court;

2. The Settlement Agreement and terms set forth therein is approved;

3. The notice of proposed settlement was given to the Settlement Classes by the best means practicable under the circumstances, including mailing the Settlement Notice to Settlement Class members by U.S. Mail, publishing notice of the settlement in a newspaper with national distribution, and publishing the Settlement Notice, Settlement Agreement, and other relevant documents on the settlement website. The Settlement Notice: (1) provided an

overview of the nature of the action and the status of the litigation; (2) described plaintiffs' claims; (3) defined the Settlement Classes certified by the Court; (4) summarized the terms of the settlement; (5) set forth the language of the release; (6) provided sufficient notice of compensation that Class Counsel and the Class Representatives would be seeking; (7) expressly state that Settlement Class members had until July 1, 2014, to opt-out or object to the settlement, and explained how to opt-out or object; (8) notified Settlement Class members of their right to appear at the final approval hearing, and explained the procedure for appearing at the final approval hearing in-person or through an attorney; and (9) advised Settlement Class members of the binding effect of a class judgment on participating Settlement Class members if the settlement was approved.  The form and method of notifying the Settlement Classes fully, fairly, accurately, and adequately advised Settlement Class members of all relevant and material information concerning the Actions and the terms of the proposed settlement, and fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23.

     4.  The settlement was negotiated at arm's length, in good faith, by highly capable and experienced counsel, with full knowledge of the facts, law, and risks inherent in litigating the Actions, and with the active involvement of the parties and an independent third-party mediator;

     5.  Of the approximately 407,000 class members, only nine objections on behalf of thirteen (13) class members have been filed;

     6.  The settlement confers substantial benefits upon the Settlement Class members, is in the public interest, and will provide the parties with repose from litigation;

     7.  The settlement is fair, reasonable, and adequate, in the best interests of the

Settlement Classes, and satisfies the requirements for final approval under Federal Rule of Civil Procedure 23(e). Specifically, final approval of the settlement is warranted in light of the following factors:

    a. The complexity, expense and likely duration of the litigation;

    b. The reaction of the Settlement Classes to the settlement;

    c. The stage of the proceedings and the amount of discovery completed;

    d. The risks of establishing liability;

    e. The risks of establishing damages;

    f. The risks of maintaining the class action through the trial;

    g. The ability of the defendants to withstand a greater judgment;

    h. The range of reasonableness of the settlement fund in light of the best possible recovery; and

    i. The range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of continued litigation.

8. The persons who have validly requested exclusion from the Settlement Classes are not members of the Settlement Classes, shall have no rights or interests with respect to the settlement, and shall not be bound by any orders or judgments entered in respect to the settlement. A list of those persons who have validly requested exclusion from the Settlement Classes was previously filed on July 18, 2014 (Gardella Decl., Exs. G & H, ECF No. 197-9);

9. Each objection has been reviewed and considered. The objections are overruled, as detailed in a separate Decision and Order filed on this date;

10. Plaintiffs' request for service awards in the amount of $5000 per plaintiff has been considered. This award is justified under the facts of this case and the applicable legal

authorities.  The award of $5000 each to Gordon Casey, Duane Skinner, and Celeste Coonan is therefore approved;

    11.  After the judgment becomes final, defendants shall make the settlement payments as required by paragraphs 30–34 of the Settlement Agreement;

    12.  As provided in the Settlement Agreement, all Settlement Class Members who did not properly and timely submit an opt-out form requesting exclusion are hereby permanently barred and enjoined from bringing, joining, or continuing to prosecute against the Citi defendants and/or Assurant any action asserting the Released Claims;

    13.  Notwithstanding the entry of judgment, this Court shall retain exclusive and continuing jurisdiction and exclusive venue with respect to the implementation, enforcement, construction, interpretation, performance, and administration of the settlement;

    14.  If the judgment does not become final, this Final Approval Order shall be rendered null and void.  Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the settlement, including seeking approval of the settlement and class certification:  (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim of the Class Representatives or any Settlement Class Member; or (2) is or may be deemed to be or may be used as an admission of, or evidence of, any wrongdoing, fault, omission, or liability of defendants or the Released Parties.  Nothing in this paragraph shall preclude any party to the Settlement Agreement from using the Agreement, the judgment, or any act performed or document executed pursuant to the Settlement Agreement in a proceeding to consummate, monitor, or enforce the Settlement Agreement, the terms of the settlement, or the judgment; and

15.  The Actions are hereby DISMISSED with prejudice as to the Citi defendants and Assurant and, except with regard to the outstanding motion for attorneys' fees, without costs.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly.

[signature]
United States District Judge

Dated:  August 21, 2014
        Utica, New York.